IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNARD MORGAN, JR., and, NAKEITA S. MORGAN | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) CASE NO. 2:18-cv-570-ECM-GMB ) |
| HILLBILLY HAULIN' LLC; JASON L. ARNETT; and ALFA MUTUAL INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Barnard C. Morgan, Jr., and Nakeita S. Morgan filed a Complaint in the Circuit Court of Montgomery County, Alabama, on May 9, 2018. (Doc. 1-1). The Complaint alleged a state law claim of negligence against Defendants Hillbilly Haulin' LLC and Jason L. Arnett (collectively, "Defendants"), and a claim for underinsured motorist ("UIM") benefits against ALFA Mutual Insurance Company ("ALFA"). (Doc. 1-1 at ¶¶ 6-14). On June 11, 2018, Defendants removed this matter from the Circuit Court of Montgomery County, Alabama. (Doc. 1). ALFA filed a Motion to Opt Out of Case stating that "it will not actively participate in the trial of this matter, and agrees to be bound by a judgment on the merits of this case." (Doc. 7 at 1). This matter comes before the Court on ALFA's Motion to Opt Out of Case

(Doc. 7), and Plaintiffs' Motion to Remand. (Doc. 16). This matter has been fully briefed and taken under submission.

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446, because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Doc. 1). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The parties do not dispute that Plaintiffs are residents and citizens of the State of Alabama, that Defendant Arnett is a resident and citizen of Arkansas, that Defendant Hillbilly Haulin' LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, and that both members of Hillbilly Haulin' LLC are residents and citizens of the State of Arkansas. Defendants argue that "[a]lthough the Complaint names Plaintiffs' uninsured/underinsured Motorist insurer, [ALFA], as a defendant, it is well settled in this Circuit that a UM/UIM carrier who chooses to opt out of the litigation is a nominal party whose citizenship does not destroy diversity." (Doc. 1 at ¶ 8).

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service

> or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007). The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Regarding diversity of citizenship and the present motion to remand, the parties agree that the issue is whether the citizenship of a UIM carrier that has opted

out of litigation should be considered in determining complete diversity of the parties for the purpose of jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs argue that "ALFA is obviously more than a nominal party [and] is involved in orchestrating defenses to their own insureds' claims…" (Doc. 23 at 2). The Eleventh Circuit has held that

> In general, a real party in interest is a party that has a real and substantial stake in the litigation and who exercises *substantial control* over the litigation. *Navarro* 100 S.Ct. at 1784 (emphasis added). The definition of a "real party in interest," however, breaks down in the area of insurance law because of the courts' historic treatment of insurance companies in tort litigation. Although liability insurance companies often have a real and substantial stake in their insured's litigation, they are usually not treated as parties to an action involving their insured. This is true even though the company has a contractual obligation to pay for the litigation and/or to pay any judgment rendered against the ultimate tortfeasor.

*Broyles v. Bayless*, 878 F.2d 1400, 1403–04 (11th Cir. 1989)(emphasis in original). As in *Broyles*, "because of the peculiarity of liability insurance law, the question of whether [a UIM carrier] is a real party turns on whether it exercised substantial control of this action. *Id.* at 1405.

> Although an uninsured motorist carrier is given the option to defend in its own name, rarely will such an event occur if there is a jury trial. Unless this rarity occurs and is coupled with substantial participation during trial, an insurance company's citizenship should not be considered for diversity purposes. Considering the residency of a largely invisible uninsured motorist carrier would not serve the claimed purpose of diversity which is to prevent local prejudice.

*Broyles*, 878 F.2d at 1405–06.

Plaintiffs argue that they "have clearly pled that ALFA is not a nominal party and has breached its contract with Plaintiffs, which clearly distinguishes this case from the *Toole v. Chupp* case cited by the Removing Defendants. [456 F. Supp. 2d 1218 (M.D. Ala. 2006)]." (Doc. 16 at ¶ 6). In *Toole*, the Court ruled that "ALFA is not assuming control of, or seeking to control, the litigation; indeed, the company has opted out of the litigation, agreeing to abide by the outcome of any jury trial. Thus, as in *Broyles,* the liability of the insurance company is entirely 'contingent and indirect,' 878 F.2d at 1404, in the sense that Chupp and Bramlett will litigate entirely the issue of fault, upon which any issue concerning ALFA's policy is contingent." *Toole v. Chupp*, 456 F. Supp. 2d 1218, 1221–22 (M.D. Ala. 2006). As recognized in the *Toole* decision, the Eleventh Circuit has stated that

> Although liability insurance companies often have a real and substantial stake in their insured's litigation, they are usually not treated as parties to an action involving their insured. This is true even though the company has a contractual obligation to pay for the litigation and/or to pay any judgment rendered against the ultimate tortfeasor.

*Broyles v. Bayless*, 878 F.2d 1400, 1404 (11th Cir. 1989). When a plaintiff brings an action for UIM benefits, the Eleventh Circuit has held that the UIM carrier is

> in effect, twice removed from direct liability in this action. First, the plaintiff must be awarded damages greater than the amount for which the defendant's own insurance company has responsibility. Second, before liability may be imposed on [the UIM carrier], the issues of coverage must be litigated.... Thus, under general principles determining the party status of liability insurance companies, [the UIM carrier] does not have the direct stake in the litigation that might

otherwise make it a real party in interest regardless of its degree of participation.

*Broyles v. Bayless*, 878 F.2d 1400, 1405 (11th Cir. 1989). The extent and amount of damages and legal liability for those damages are still in controversy in this case; in fact, they are the controversy in this case. There is nothing in the pleadings before this Court nor substantial participation from ALFA that would distinguish Plaintiffs' claim for UIM coverage against ALFA from that in *Broyles* such that ALFA could be considered a real party in interest for the purpose of defeating diversity jurisdiction.

Accordingly and for the reasons discussed herein, it is

**ORDERED** that ALFA's motion to opt out of the case be and is **GRANTED**. It is further

**ORDERED** that Plaintiffs' motion to remand (Doc. 16) be and is **DENIED** and that this action should proceed.

**DONE** and **ORDERED** this 14th day of November 2018.

                                           /s/ Emily C. Marks
                                           EMILY C. MARKS
                               UNITED STATES DISTRICT JUDGE